UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN RUTH DEAN,

        Plaintiff,

v.

Case No. 8:23-cv-2900-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

        Defendant.

## OPINION AND ORDER[2]

### I. Status

Helen Ruth Dean ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of depression, anxiety, total replacements of both knees, a femur fracture, fibromyalgia, an auto immune disease, back problems including a lumbar disc

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

rupture, a sleep disorder, and high blood pressure. Transcript of Administrative Proceedings (Doc. No. 4; "Tr." or "administrative transcript"), filed February 13, 2024, at 51, 63, 188. Plaintiff protectively filed an application for DIB on May 18, 2021, alleging a disability onset date of September 25, 2019.[3] Tr. at 157-67. The application was denied initially, Tr. at 51-60, 61, 73-76, and upon reconsideration, Tr. at 62, 63-71, 84-87.[4]

On April 26, 2023, an Administrative Law Judge ("ALJ") held a hearing,[5] during which she heard testimony from Plaintiff, who appeared with a non-attorney representative, and a vocational expert ("VE"). See Tr. at 26-50; see also Tr. at 77-81 (appointment paperwork indicating Plaintiff's representative is not an attorney). On June 7, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-21.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her representative. See Tr. at 4-5 (Appeals Council exhibit list and order), 154-56 (request for review), 274-77 (brief). On November 21, 2023, the Appeals Council denied Plaintiff's request for review,

---

[3] Although actually completed on May 26, 2021, see Tr. at 157, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as May 18, 2021, see, e.g., Tr. at 51, 63.

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone, with Plaintiff's consent. Tr. at 28, 149.

Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On December 19, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises three issues: 1) "[w]hether the ALJ failed to properly evaluate Plaintiff's fibromyalgia as required by SSR 12-2p"; 2) "[w]hether the ALJ failed to provide adequate analysis of the evidence when considering Plaintiff's fibromyalgia in the [residual functional capacity ('RFC')] as required by SSR 12-2p"; and 3) "[w]hether the ALJ improperly failed to consider the evidence underlying the Department of Veterans Affairs disability determination for Plaintiff as required by 20 C.F.R. § 404.1504." Plaintiff's Brief (Doc. No. 9; "Pl.'s Br."), filed April 13, 2024, at 2, 6, 10 (emphasis omitted). On May 13, 2024, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 14; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the effects of Plaintiff's fibromyalgia consistent with SSR 12-2p (Plaintiff's issues one and two). On remand, this reconsideration may impact the Administration's consideration of the remaining issue on appeal (issue three). For this reason,

the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 12-20. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 25, 2019, the alleged onset date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: fibromyalgia; degenerative disc disease; osteoarthritis of the knees; status post bilateral knee replacements and obstructive sleep apnea." Tr. at 12 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 16 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform light work as defined in 20 CFR [§] 404.1567(b) except standing/walking is limited to four hours in an eight-hour workday and sitting for six hours per workday; she can never climb ladders, ropes or scaffolds; she can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; she can have frequent exposure to unprotected heights and dangerous equipment and extreme heat and cold temperatures; she can have occasional exposure to wetness and vibrations.

Tr. at 16 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work" as a "graphic designer." Tr. at 19 (some emphasis and citation omitted). The ALJ then made alternative findings at step five. Tr. at 19-20. After considering Plaintiff's age ("58 years old, which is defined as an individual of advanced age, on the alleged disability onset date" with a "subsequently changed age category to closely approaching retirement age"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," Tr. at 19 (citations omitted), such as "commercial designer" and "package designer." Tr. at 20 (some emphasis and citation omitted). The ALJ concluded Plaintiff was "not under a disability . . . from September 25, 2019, through the date of th[e D]ecision." Tr. at 20 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

(quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff contends the ALJ erred in evaluating her fibromyalgia, both as to the requirements set forth in SSR 12-2p and as to accounting for it in the RFC. Pl.'s Mem. at 2-10. Plaintiff concedes the ALJ acknowledged the requirements of SSR 12-2p but argues the ALJ failed to actually apply those requirements. Id. As to the RFC, Plaintiff asserts the ALJ did not sufficiently explain how, if at all, the effects of the fibromyalgia were taken into account and it is not evident from the assigned RFC that they were. Id. at 6-10.

Responding, Defendant argues the ALJ adequately complied with SSR 12-2p and assigned an RFC that is supported by substantial evidence. Def.'s Mem. at 4-17.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional

> limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p, 2012 WL 3104869.[7] The relevant SSR 12-2p "provides guidance on how the [Administration] develops evidence that a person has a medically determinable impairment of fibromyalgia and how it evaluates fibromyalgia in disability claims." Sorter v. Soc. Sec. Admin., Comm'r, 773 F. App'x 1070, 1073 (11th Cir. 2019) (citing SSR 12-2p, 2012 WL 3104869).

---

[7] Social Security Rulings "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations that [the Administration has] adopted." 20 C.F.R. § 402.35(b)(1).

There are two main ways set forth in SSR 12-2p for evaluating whether fibromyalgia is a medically determinable impairment. The first way requires a claimant to have "[a] history of widespread pain" that "may fluctuate in intensity and may not always be present," as well as "[a]t least 11 positive tender points on physical examination" with various requirements; and finally, "[e]vidence that other disorders that could cause the symptoms or signs were excluded." SSR 12-2p. The second way requires "[a] history of widespread pain"; "[r]epeated manifestations of six or more [fibromyalgia] symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ('fibro fog'), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome"; and "[e]vidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." Id.

Once an ALJ determines that a claimant has the medically-determinable impairment of fibromyalgia, the ALJ proceeds with a symptom-evaluation process. Id. "If objective medical evidence does not substantiate the [claimant's] statements about the intensity, persistence, and functionally limiting effects of symptoms, [the Administration is to] consider all of the evidence in the case record, including the [claimant's] daily activities, medications or other treatments the [claimant] uses, or has used, to alleviate symptoms; the nature and frequency of the [claimant's] attempts to obtain medical treatment for

symptoms; and statements by other people about the [claimant's] symptoms." Id.

Then, the fibromyalgia impairment is included in the five-step sequential evaluation process as with other impairments. Id. Importantly, when an ALJ is considering the RFC, SSR 12-2p directs that "for a person with [fibromyalgia,] we will consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'good days and bad days.'" Id.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination")

(citing 20 C.F.R. § 404.1545; <u>Reeves v. Heckler</u>, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 16-17. Then, when discussing Plaintiff's fibromyalgia, the ALJ recognized the requirements set forth in SSR 12-2p for deciding whether it is a medically determinable impairment. Tr. at 17. After reciting the criteria that requires various positive tender points and/or symptoms, together with history of widespread pain and evidence that other causes were excluded, the ALJ stated, "That does not seem to be the case here." Tr. at 17. The ALJ continued, "Nevertheless, I have considered [Plaintiff's] fibromyalgia to be a severe impairment." Tr. at 17. The ALJ went on:

> When evaluating [Plaintiff's] fibromyalgia, the undersigned considered SSR 12-2p and [Plaintiff's] longitudinal record whenever possible because the symptoms of fibromyalgia can wax and wane so that a person may have "bad days and good days." However, as discussed further above, the record indicates that [Plaintiff's] symptoms were controlled with medication management and other conservative modalities, and [Plaintiff's] treating sources observed her to be neurologically intact. Therefore, the evidence indicates few, if any, significant findings related to [Plaintiff's]

> fibromyalgia. As such, the limitations described in the [RFC] above include consideration of [Plaintiff's] fibromyalgia.

Tr. at 18.

The ALJ erred in evaluating Plaintiff's fibromyalgia. In discussing the fibromyalgia and finding it to be severe at step two, the ALJ made the statement that the requirements of SSR 12-2p did "not seem to" be met. Tr. at 17. This finding was without any reference to the medical evidence documenting Plaintiff's fibromyalgia and associated symptoms. In fact, Plaintiff's rheumatology notes include a fibromyalgia diagnosis since 2019, evidence of 18/18 positive tender points and findings directly related to the other requirements of SSR 12-2p. See, e.g., Tr. at 704-05, 708, 792-93, 796-97, 805-08, 1094-97.

True, the ALJ nevertheless found fibromyalgia to be a severe impairment, so any error in not referencing the notes at that step could be viewed as harmless (as Defendant points out, see Def.'s Mem. at 4-6). But, the ALJ never discussed the medical evidence pertaining to Plaintiff's fibromyalgia. The ALJ concluded that Plaintiff's fibromyalgia symptoms were "controlled with medication and other conservative modalities," referring the reader to a discussion "above" that finding, but such a discussion does not exist anywhere in the Decision. Tr. at 18; see Tr. at 17-19. Even when discussing the consultative examination findings of Stefan Litzenberger, D.O., the ALJ

omitted any reference to fibromyalgia despite it being first on the impressions list of Dr. Litzenberger. Compare Tr. at 18, with Tr. at 1543.

In sum, judicial review is frustrated because the Court cannot be sure the ALJ considered the evidence pertaining to Plaintiff's fibromyalgia and actually applied the directives of SSR 12-2p. Nor can the undersigned be sure, as the ALJ stated, that she considered the fibromyalgia effects in assigning the RFC. Reversal with remand is required for the ALJ to reconsider the effects of Plaintiff's fibromyalgia consistent with the requirements of SSR 12-2p.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.   The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)   Reconsider the effects of Plaintiff's fibromyalgia consistent with SSR 12-2p;

(B)   If necessary, consider Plaintiff's other argument on appeal; and

(C)   Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 14, 2025.

                                                              *James R. Klindt*
                                                              JAMES R. KLINDT
                                                              United States Magistrate Judge

kaw
Copies:
Counsel of Record