**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HELEN RUTH DEAN,

      Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

Case No. 8:23-cv-2900-JRK

---

## O R D E R

This cause is before the Court on Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 27; "Motion"), filed February 23, 2026. Plaintiff's counsel seeks a total award of $18,478.00 pursuant to 42 U.S.C. § 406(b). See Motion at 1, 2-4. This amount equals twenty-five percent of Plaintiff's past-due benefits awarded by the Administration. Id.; see Notice (Doc. No. 27-2). Plaintiff's counsel, recognizing she must refund to Plaintiff a previously-awarded EAJA fee in the amount of $9,873.33, see Order (Doc. No. 20), requests that the Court order a net fee of $8,604.67, Motion at 1, 4-5, which essentially takes the burden off counsel to refund to Plaintiff the EAJA fee and allows the Social Security Administration to do so. Plaintiff's counsel also explains that the Administration failed to withhold the proper amount from past-due benefits for payment of fees, so following consultation with relevant individuals, she will pursue the appropriate avenue(s) for receiving payment

upon entry of this Order. Id. at 4. Defendant takes no position on the request for Section 406(b) fees. See Defendant's Response to Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 28), filed March 9, 2026.

> Section 406(b)(1)(A) states in pertinent part:
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The statute does not impose a twenty-five percent cap on the aggregate of attorney's fees awarded under § 406(a)—which are awarded for work done at the administrative level—and § 406(b). Culbertson v. Berryhill, 586 U.S. 53, 54 (2019). Instead, "the 25% cap applies only to fees for representation before the court, not the agency." Id. at 54.

The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citations omitted). "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements

2

as an independent check, to assure that they yield reasonable results . . . ." Id. at 807. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." Id. Generally, "[t]he 'best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

"Although the contingency agreement should be given significant weight in fixing a fee, [the district court] must independently assess the reasonableness of its terms." McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989). The contingency fee negotiated by the claimant and his or her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." Wells, 907 F.2d at 372 (citation omitted); see also McGuire, 873 F.2d at 981. Factors to consider in assessing the reasonableness of the fee include whether there was unreasonable delay in the litigation caused by the attorney, the quality of the representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. See Gisbrecht,

3

535 U.S. at 808. Additionally, an attorney who successfully claims both EAJA fees from the United States and an award under 42 U.S.C. § 406(b) must refund "to the claimant the amount of the smaller fee." Id. at 796.

Here, counsel represented Plaintiff in her appeal of the Commissioner's denial of social security benefits, and this Court reversed the decision of the Commissioner and remanded the case for further administrative proceedings, which ultimately resulted in an award of past-due benefits of $73,912.00. See Notice (Doc. No. 27-2) at 3. Plaintiff and counsel entered into a fee arrangement providing for a fee of twenty-five percent of past-due benefits due to her, minus any fees awarded pursuant to the EAJA. See Fee Contract—Federal Court SSI/Social Security Disability (Doc. No. 27-6).

Upon review of the representations made in the Motion and all supporting documentation submitted by counsel, and upon consideration of the quality of the representation and the results achieved, the undersigned finds the total amount requested pursuant to Section 406(b) is reasonable and due to be awarded. For clarity, the Court determines that 25% of Plaintiff's past-due benefits ($18,478.00) is due to be awarded under Section 406(b). However, in line with counsel's request, the Court will subtract the previously-awarded EAJA fee of $9,873.33 for a net award of $8,604.67 to be paid to counsel.

For the foregoing reasons, it is

4

**ORDERED**:

1.      Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 27) is **GRANTED**.

2.      Plaintiff's counsel, Laurel Marois Ackerman, is due to be awarded $18,478.00 pursuant to 42 U.S.C. § 406(b). However, the Court subtracts from this award the previously-paid EAJA fees in the amount of $9,873.33, for a net award of $8,604.67 to be paid to Ms. Ackerman. The Commissioner shall now pay Ms. Ackerman the sum of $8,604.67 from the past-due benefits withheld, to the extent funds are available, and Ms. Ackerman shall otherwise be paid in accordance with agency policy.

3.      The Clerk of the Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on April 7, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

5